IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHNTAVEON GRAY | § |
| | § |
| V. | §   A-23-CV-663-DII |
| | § |
| COMMANDER | § |

**ORDER**

Before the Court is Plaintiff's *pro se* complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Williamson County Jail. Plaintiff challenges his conviction for aggravated robbery in Cause No. 22-1599-K277 in Williamson County, Texas. Plaintiff was sentenced to 40 years' confinement on May 25, 2023. Plaintiff argues the State had no evidence to support his conviction. Plaintiff requests the Court to dismiss and set aside his conviction and sentence immediately. He further seeks $10 million for civil rights violations, $10 million for constitutional rights violations, $10,000 in attorney's fees, and court costs.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.      Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages for his alleged illegal conviction, Plaintiff's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal conviction are dismissed without prejudice to refile once the conditions of *Heck* are met.

C.  Habeas Claims

To the extent Plaintiff seeks to have his conviction and sentence dismissed and set aside, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375 (2003). Moreover, due to the recentness of Plaintiff's conviction, he has not had the opportunity to exhaust his state court remedies.

## CONCLUSION

Plaintiff's claims for monetary damages are barred by *Heck*. Plaintiff may refile his claims once the conditions of *Heck* are met. If Plaintiff wishes to challenge the fact or duration of his confinement, he must file a habeas corpus petition after he exhausts his state court remedies.

It is therefore **ORDERED** that Plaintiff's claims for monetary damages are frivolous and are dismissed without prejudice to refiling after the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims seeking habeas corpus relief are **DISMISSED WITHOUT PREJUDICE** to filing a habeas corpus petition after Plaintiff exhausts his state court remedies.

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is also warned if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on June 21, 2023.

*[signature]*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE